[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant has filed a second motion to dismiss after the court (Katz, J.) denied an earlier motion to dismiss.
In the previous motion to dismiss, as in the present motion to dismiss, the defendant argued that the court did not have personal jurisdiction pursuant to the doctrine of forum non conveniens. The court (Katz, J.) denied that motion to dismiss because the defendant failed to comply with Practice Book section 142 and 144 and did not file its motion to dismiss within thirty days from the date it entered its appearance.
In ruling on that motion the court stated that "[t]he lack of timeliness of the motion to dismiss . . . acts as a procedural bar to further consideration of the merits raised therein by this court." (No. 116, Memorandum of Decisions dated April 14, 1992, p. 2.)
"A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Breen v. Phelps, 186 Conn. 99-100, 439 A.2d 1066 (1982). Furthermore, "[j]udge shopping is not to be encourage and a decent respect for the view of his brethren on the bench is commendable in a judge." Id., 100. It is only when "the case comes before him CT Page 10718 regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, [that] he may apply his own judgment." Id.
Therefore, the defendant's motion to dismiss is denied.
LEHENY, J.